ALEXANDER McKENZIE *v.* THE WASHINGTON LIFE INSURANCE COMPANY.

(No. 2,595.)

1.   An answer under the code is not evidence, but is a pleading to be verified by the affidavit of the belief of the party that the facts therein stated are true.

2.   A general denial must be considered as tantamount to a statement that the facts alleged in the petition did not occur. A statement that the party has no knowledge on the subject, and therefore denies, is not improper.

SPECIAL TERM.—Action upon a policy of insurance alleged to have been assigned to plaintiff; defendant states that it has no knowledge of such assignment, and therefore denies that such assignment was made. Plaintiff files a motion to strike the allegation and denial from the answer.

*Kebler & Force* and *Washington Van Hamm*, for plaintiff.

*Bates & Scarborough*, for defendant.

GHOLSON, J.   An answer under our present system of practice is not evidence—it is not required for the purpose of discovery—but is a pleading, and is required to be verified by an affidavit of the belief of the defendant that the facts stated in it are true.   The answer is required to contain a general or specific denial of every fact in the petition, controverted by the defendant.   What shall be considered a general, and what a specific denial, is not defined in the code.

When an answer contains, as it may, a general denial without more, and an affidavit is made, that the facts stated in it are believed to be true, this must be considered as tantamount to a statement that the facts alleged in the petition did not occur; and this is a negative fact.   But it may be that the defendant has no knowledge and no information

on which he can found a belief, and is he then bound to admit the truth of what is alleged? I think not; and, in such a case, it seems to me the only course is to state, specifically, that he has no knowledge on the subject, and, therefore, denies. His affidavit, then, is as to the fact of his want of knowledge or information on the subject, and this justifies him in interposing a denial. If this were not so it would place a defendant, called upon to respond to a matter of which he never before heard, in an awkward predicament. I have had occasion to reflect on this subject several times, since the adoption of the code, and have always arrived at this conclusion; and such, I think, is now the usual practice. It seems to follow from the very necessity of the case.

For these reasons, the motion to strike out the portion of the answer referred to will be overruled.

Motion overruled.